JAMES HAY administrator of ANDREW KESSLER assignee of SAMUEL MERRIAN *against* SEBASTIAN NODE and CATHARINE his wife.

On a mortgage by N to M, accompanied with a bond from N and K to M, and K obtains an assignment of the mortgage, he may recover on a *scire facias*; aliter if he obtained an assignment of the bond and sued thereon his co-obligor.

*Scire Facias* on mortgage. Plea payment.

The facts on the evidence appeared as follow:

Thomas Dixey and wife, on the 15th November 1785, conveyed a lot of ground in the city of Philadelphia to Richard Carleton in fee, under a yearly rent charge of 32 Spanish milled dollars. Carleton on the 3d June 1786, conveyed to Node the defendent; who together with his wife, on the 6th June following, mortgaged the premises to Merrian, to secure the payment of 150*l*. in one year, with interest; the proviso therein, specified, that if the said Sebastian Node or Andrew

Kessler paid the said 150*l*. and interest within one year, the mortgage should be void. A joint and several bond, executed by Node and Kessler to Merrian, accompanied the Mortgage, and bore equal date therewith; but it did not appear, whether the debt of 150*l*. was owing jointly by Node and Kessler, or whether the latter had become security for the former. Merrian assigned the mortgage to Kessler on the 6th October, 1787, for a valuable consideration.

Mr. S. Levy for the plaintiff, was willing to consider the 150*l*. as a joint debt due on bond by Node and Kessler, as he was not in possession of testimony to prove, that Kessler was a mere surety; but contended that the administrator of the assignee of the mortgage, was entitled to recover at least one moiety of the same.

Messrs. T. Ross and J. B. M'Kean, for the defendants, insisted, that the facts as proved, amounted to a complete payment in the present form of action, in contemplation of law. It was stipulated in the equity of redemption of the mortgage, that if either Node or Kessler paid the principal sum and interest, the same should be void and of no effect. Here the latter has obtained an assignment of the mortgage, and of course must have previously paid or satisfied the mortgage, within the terms of the deed. The assignment is equivalent to a release on the part of Merrian; as he thereby discharges Kessler from future responsibility. If two are bound in a joint and several obligation, and the obligee releases one of them, it is a discharge of both. Co. Lit. 232. *a.* If one of two obligors pays the money, and then sues the other at law, in the name of the obligee, he may plead the payment of the co-obligor. 2 Vez. 372. The assignment of a bond to a co-obligor who pays it, is of no use; payment may be pleaded to it; but case or perhaps *indebitatus assumpsit* would lie. *Ib.* 569. The validity of the mortgage rests on that of the bond, which is recited therein, as between the present parties. Kessler or his representative cannot affirm part, and disaffirm part. 1 Vez. 329. If he was the joint debtor with Node, and paid the whole debt, he might recover in case, or in *indebitatus assumpsit* for so much paid for the defendant's use, but not as assignee of the mortgage.

By the court. Every assignment is necessarily preceded by payment, or some species of satisfaction to the assignor. If a stranger takes an assignment of a mortgage, and pays his money, he certainly would recover thereon. The effect of an assignment not only divests the party making it of his right of recovery, but vests this right in he assignee, and in this particular operates beyond a release. The

ground on which a release to one obligor, on a joint and several bond, operates as a discharge of both obligors, is, that the joint remedy being gone, the several one is gone also.. 2 Salk. 574. But Merrian had but a single remedy on the mortgage by suing out his *scire facias* against Node and the terretenants. Kessler was no party thereto, and no good reason can be assigned, why the legal interest in the mortgaged premises, could not be transferred to him. If indeed the present action had been brought by Kessler or his representative on the assigned bond, we admit that the principle of the cases relied on might apply. But the technical legal exception does not hold on the assigned mortgage, any further than in an action on the case against Node, which clearly might be supported. Abstracted from the question of law, the equity and honesty of the case is too obvious to need any remarks.

Verdict <em>pro quer.</em>

A motion was afterwards made within the four days, for a rule to show cause why a new trial should not be granted; but the court on argument unanimously refused the rule, and gave judgment for the plaintiff.